12-2828-pr
Stanley v. Meier

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand thirteen.

PRESENT: ROBERT D. SACK,
               BARRINGTON D. PARKER,
               REENA RAGGI,
                     *Circuit Judges.*

-----------------------------------------------------------------------

STEVEN K. STANLEY,
                     *Plaintiff-Appellant*,

         v.

                                        No. 12-2828-pr

SERGEANT WILLIAM MEIER, OFFICER ROBERT WYSE, OFFICER DAVID PROVENCHER, LIEUTENANT BRIAN SMITH,
                     *Defendants-Appellees*.

-----------------------------------------------------------------------

FOR APPELLANT:                   Steven K. Stanley, *pro se*, Somers, Connecticut.

FOR APPELLEES:               Alan R. Dembiczak, Thomas Gerarde, Howd & Ludorf, LLC, Hartford, Connecticut.

Appeal from an order of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 22, 2012, is AFFIRMED.

Pro se plaintiff Steven K. Stanley appeals the award of summary judgment in favor defendant police officers on his Eighth Amendment claim of deliberate indifference to medical needs and his Fourth Amendment claim for excessive force, both brought under 42 U.S.C. § 1983. Stanley also challenges the denial of certain discovery motions, including a motion to compel production of a videotape of his alleged assault. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an award of summary judgment de novo and will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine dispute of material fact and the moving party's entitlement to judgment as a matter of law. See Johnson v. Killian, 680 F.3d 234, 236 (2d Cir. 2012). We review a district court's discovery rulings for abuse of discretion, bearing in mind that a "district court has broad discretion to manage pre-trial discovery." Wood v. F.B.I., 432 F.3d 78, 84 (2d Cir. 2005). Because Stanley is pro se, "we read his papers liberally and interpret them to raise the strongest arguments that they suggest." Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006) (internal quotation marks omitted).

Upon an independent review of the record and relevant case law, we conclude that the district court properly granted summary judgment to the defendants on all federal claims and properly declined to exercise supplemental jurisdiction over Stanley's state law

2

claims for assault and battery.  Therefore, we affirm for substantially the same reasons stated by the district court in its June 21, 2012 decision.  To the extent that Stanley now contends that defendants denied him medical treatment for four hours, this claim is not properly before us, as Stanley did not appeal the district court's denial of his motion for "reclaim" where he first raised this argument, and we generally do not consider arguments raised for the first time on appeal, particularly where additional fact-finding would be necessary.  See Cadle Co. v. Mangan (In re Flanagan), 503 F.3d 171, 182 (2d Cir. 2007).

We also identify no abuse of discretion in the denial of Stanley's discovery motions, either generally or specifically as related to a purported videotape of his altercation with defendants at the Vernon Police Department.  Defendants averred in their responses to Stanley's discovery requests that no videotape exists, and Stanley fails to proffer any evidence to the contrary. [1]

We have considered Stanley's remaining arguments and find them to be without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] On September 25, 2013, Stanley filed an amended petition describing the contents of the videotape in greater detail.  Based on our review, the allegations in this untimely submission do not compel a different result.  In addition, to the extent any of Stanley's submissions on appeal can be construed as a motion for this court to compel defendants to produce the videotape, we deny such motion for the same reasons stated herein.

3